1
2
3
4

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

5  Crane Co., *et al.,*
          Plaintiffs,

6
7
8  United States of America, *et al.,*
          Defendants.

9

CIV-03-2226-PHX-ROS
CIV-04-1400-PHX-ROS
  (Consolidated)

**CONSENT DECREE**

10       This Consent Decree ("Agreement") is made, as of the Effective Date of this

11  Agreement (as defined herein), between Unidynamics/Phoenix, Inc. ("UPI") and Crane Co.

12  (collectively, and as defined herein, "Plaintiffs"), and the United States of America (as

13  defined herein, the "United States"), collectively referred to herein as "the Parties," in

14  consolidated actions CIV-03-2226-PHX-ROS and CIV-04-1400-PHX-ROS.

15       WHEREAS, this case involves claims (the "Contribution Claims," as defined

16  herein) by Plaintiffs under the Comprehensive Environmental Response, Compensation, and

17  Liability Act, 42 U.S.C. §§ 9601-75, as amended by the Superfund Amendments and

18  Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986) ("CERCLA"),

19  seeking to recover from the United States certain costs Plaintiffs have incurred in response to

20  the release or threatened release of hazardous substances at a former manufacturing facility

21  located in Goodyear, Arizona (the "Site," as defined herein), and seeking a declaration as to

22  the liability of the United States for costs to be incurred by Plaintiffs in the future at the Site;

23  and

24       WHEREAS, the Parties desire to enter into this Agreement to have a full and

25  final resolution of any and all claims that have been or could now or hereafter be asserted

26  against the United States in connection with Covered Matters (as defined herein), and to

27  avoid the complication and expense of further litigation of such claims; and

28

-1-

1    WHEREAS, the Parties agree that this Agreement is fair, reasonable and in the
2  public interest; and

3    WHEREAS, the United States enters into this Agreement as a final settlement
4  of all claims against it in connection with the Site and does not admit any liability or issue of
5  fact or law arising from occurrences or transactions pertaining to the Site.

6    NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

7    **1.    Application of this Agreement.**  This Agreement applies to and is
8  binding upon Plaintiffs (and their predecessors, successors and assigns) and the United States.
9  This Agreement does not extend to or inure to the benefit of any party, person or entity other
10  than Plaintiffs and the United States, except as expressly provided herein, and nothing in this
11  Agreement shall be construed to make any other person or entity not referenced in this
12  Agreement a third-party beneficiary to this Agreement.

13    **2.    Definitions.**  Whenever the terms listed below are used in this
14  Agreement, the following definitions shall apply:

15    a.    "Agreement" shall mean this Consent Decree.

16    b.    "Contribution Claims" shall mean the claims asserted by Plaintiffs in
17  Counts I and II of Case No. CIV-03-2226-PHX-ROS, and Counts I and II of the
18  Counterclaims asserted in Case No. CIV-04-1400-PHX-ROS.

19    c.    "Covered Matters" shall mean any and all past or future claims, known
20  or unknown, that were, could have been, could now be, or hereafter could be asserted by
21  Plaintiffs against the United States arising out of or in connection with any release or
22  threatened release of a hazardous substance at the Site, including any claims regarding off-
23  site contamination that may have emanated, may still be emanating, or may emanate in the
24  future from the Site.

25    d.    "Day" shall mean a calendar day. In computing any period of time
26  under this Agreement, where the last day would fall on a Saturday, Sunday or Federal
27  holiday, the period shall run until the close of business of the next day that is not a Saturday,
28  Sunday or Federal holiday.

-2-

1          e.      "Effective Date" shall mean the date the Court approves this Agreement.

2          f.      "Future Response Costs" shall mean, for purposes of this Agreement,

3 those necessary costs of response, as defined in 42 U.S.C. § 9601(25), incurred and paid by

4 UPI or Crane Co. on or after January 1, 2006, which are consistent with the National

5 Contingency Plan and arise out of or in connection with any releases or threatened releases of

6 hazardous substances at or emanating from the Site that are attributable to UPI's former

7 manufacturing operations at the Site. "Future Response Costs" shall also include, for

8 purposes of this Agreement, the following costs paid by UPI or Crane Co. to the City of

9 Goodyear, Arizona in 2006 in settlement of the claims asserted in the United States District

10 Court for the District of Arizona in Case No. CV-05-0387 PHX ROS (the "Goodyear

11 Lawsuit"): (1) the total sum of $650,000 for the cost of drilling and installing a new water

12 supply well to replace COG-2, provided that Plaintiffs demonstrate that the City of Goodyear

13 has used such funds to drill and install a new water supply well to replace COG-2; (2) the

14 total sum of $650,000 for the cost of drilling and installing a new water supply well to replace

15 COG-10, provided that Plaintiffs demonstrate that the City of Goodyear has used such funds

16 to drill and install a new water supply well to replace COG-10; and (3) the total sum, not to

17 exceed a total of $50,000 per month for up to six months under Paragraph 7 of the Goodyear

18 Lawsuit settlement agreement, paid by UPI or Crane Co. to the City of Goodyear for interim

19 water replacement to replace water lost when COG-10 was taken out service, provided that

20 Plaintiffs demonstrate that the City of Goodyear actually incurred such interim water

21 replacement costs. Except for the three items specifically set forth above, "Future Response

22 Costs" shall not include, for purposes of this Agreement, any other payments by UPI or Crane

23 Co. to the City of Goodyear, Arizona, in connection with the settlement of claims asserted in

24 the Goodyear Lawsuit, and Plaintiffs may not seek reimbursement from the United States for

25 any such payments under this Agreement.

26          g.      "Plaintiffs" shall mean UPI and Crane Co., including their predecessors

27 in-interest, as well as their successors, assigns, designees, insurers, agents, affiliates and

28 related companies.

-3-

1          h.      "Site" shall mean, for purposes of this Agreement, the property

2     encompassing the former UPI manufacturing operations located at 102 South Litchfield

3     Road, Goodyear, Arizona, property bounded by Van Buren Street to the north, Litchfield

4     Road to the east, and the Union Pacific Railroad to the west (the "UPI Operations").  This

5     property is depicted generally on the map attached to this Agreement as Appendix A.  The

6     term "Site" shall also include without limitation waste disposal areas, storage areas,

7     buildings, equipment, structures, roads, ditches, culverts, pipes, and other property associated

8     with the manufacturing facilities described above.  For purposes of this Agreement only,

9     "Site" shall also include the remote storage and disposal facility operated by Plaintiffs and

10    located in the White Tanks Mountains.

11         i.      "United States" shall mean the United States of America and all agencies

12    and instrumentalities of the United States of America, including, but not limited to, the

13    Defendants that Plaintiffs have named in Case No. CIV-03-2226-PHX-ROS: the United

14    States of America, the United States Department of Defense (in its own right and as successor

15    to the War Department), the Secretary of Defense in his official capacity, the United States

16    Department of Energy (in its own right and as successor to the Atomic Energy Commission),

17    the Secretary of Energy in his official capacity, the United States Department of the Navy, the

18    Secretary of the Navy in his official capacity, the United States Department of the Army, the

19    Secretary of the Army in his official capacity, the United States Department of the Air Force,

20    the Secretary of the Air Force in his official capacity, the National Aeronautics and Space

21    Administration ("NASA"), and the Administrator of NASA.  For the purposes of Paragraphs

22    2.c, 3, 5.b, 6.a, 7.b, and 8.b. of this Agreement only, the term "United States" shall also

23    include all employees, contractors or agents of the United States, including third parties such

24    as defense or prime contractors, to the extent that their alleged liability at the Site arises from

25    their having directed, conducted, or otherwise participated in or been involved with any

26    activity at or related to the Site while acting on behalf of the United States.

27

28

-4-

1          j.      "Interest" shall mean interest accruing at the rate specified by the

2    Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of

3    the United States Code.

4          **3.      Release and Covenant Not To Sue by Plaintiffs.** Upon approval and

5    entry of this Agreement by the Court, and receipt by Plaintiffs of the payment provided for in

6    Paragraph 6, Plaintiffs shall forever release, discharge, and covenant and agree not to assert

7    (by way of the commencement of an administrative or judicial action, the joinder of the

8    United States in any such existing action, or in any other fashion) any and all claims, causes

9    of action, suits or demands of any kind whatsoever, known or unknown, in law or in equity

10   which they may have had, or hereafter have, including, but not limited to, claims under

11   CERCLA sections 107 and 113, against the United States for Covered Matters, excepting

12   claims for breach of this Agreement.

13         **4.      Indemnification by Plaintiffs.** Plaintiffs shall indemnify and hold

14   harmless the United States against any and all claims asserted against the United States by

15   any person or entity with respect to Covered Matters. Notwithstanding the foregoing,

16   however, Plaintiffs' total obligations pursuant to this Paragraph 4 shall not exceed the

17   amounts to be paid by the United States to Plaintiffs pursuant to Paragraph 6 and Paragraph 7

18   of this Agreement. Furthermore, Plaintiffs shall have no obligation under this paragraph to

19   indemnify the United States for claims for personal injury, bodily injury or death, or damages

20   arising from personal injury, bodily injury or death.

21         **5.      Protection Against Claims.**

22         a.      The payments to be made by the United States pursuant to this

23   Agreement represent a good faith compromise of disputed claims, and the Parties agree that

24   the compromise represents a fair, reasonable, and equitable discharge for Covered Matters

25   addressed in this Agreement.

26         b.      With regard to any claims for costs, damages or other claims against the

27   United States for Covered Matters addressed in this Agreement, the United States is hereby

28   granted contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f),

-5-

1   and any other applicable provision of federal or state law, whether by statute or common law,

2   extinguishing the United States' liability to persons not party to this Agreement. Any rights

3   the United States may have to obtain contribution or otherwise recover costs or damages from

4   persons not party to this Agreement are preserved.

5          c.     The Plaintiffs and the United States will join in and/or support, as may

6   be appropriate, such legal proceedings as necessary to secure the Court's approval and entry

7   of this Agreement and to secure and maintain the contribution protection contemplated in this

8   Agreement.

9          **6.    Payment for Past Response Costs.**

10         a.     Plaintiffs hereby warrant and certify to the United States that Plaintiffs

11  have not been reimbursed or received any payment from the United States, including pursuant

12  to any of Plaintiffs' contracts related to the United States, or from any other source for the

13  costs and/or liabilities that Plaintiffs have incurred at that Site prior to January 1, 2006, except

14  for the proceeds received from a settlement with Plaintiffs' insurers in *UMC/Stamford, Inc. v.*

15  *Allianz Underwriters Ins. Co., et al.*, Superior Court of New Jersey Law Division: Essex

16  County Docket No. L-016044-90.

17         b.     Within a reasonable time after the Effective Date of this Agreement, and

18  subject to the certification in Paragraph 6.a, the United States shall pay $4,925,000 to

19  Plaintiffs. Payment shall be made pursuant to directions given by Plaintiffs, provided these

20  instructions comply with federal and any other applicable law.

21         c.     If such payment is not made in full within ninety (90) days after the

22  Effective Date of this Agreement, Interest on the unpaid balance shall be paid commencing

23  on the 91st day after the Effective Date.

24         d.     Said payment by the United States is subject to the availability of funds

25  appropriated for such purpose. No provision of this Agreement shall be interpreted as or

26  constitute a commitment or requirement that the United States obligate or pay funds in

27  contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-42 and 1511-19, or any other

28  applicable provision of law.

-6-

1          e.      Within five (5) days of receipt of the payment set forth in this Paragraph,
2 Plaintiffs shall file a notice with the Court that payment has been received.

3         **7.**    **Payments for Future Response Costs.**

4          a.      On or before August 15 of each calendar year, Plaintiffs will send the
5 United States a statement that includes an accounting of Future Response Costs paid from
6 January 1 to June 30 of that year. On or before February 15 of each succeeding calendar
7 year, Plaintiffs will send the United States a statement that includes an accounting of Future
8 Response Costs paid from July 1 to December 31 of the preceding calendar year. In no event
9 shall Plaintiffs submit or be entitled to recover from the United States a Future Response Cost
10 more than two years after it has been incurred by Plaintiffs.

11          b.      Included with each statement shall be copies of invoices, a description of
12 the work underlying the invoices, and other documents sufficient to support the claimed
13 Future Response Costs. As part of the description of work required by this Paragraph,
14 Plaintiffs may include their submissions to the United States Environmental Protection
15 Agency pursuant to the Partial Consent Decree lodged with the Court on April 11, 2006 in
16 connection with claims asserted by the United States in Case No. CIV-04-1400-PHX-ROS.
17 Each statement shall also contain a certification by Plaintiffs under penalty of perjury that
18 each claimed item qualifies as a Future Response Cost and was incurred and paid by
19 Plaintiffs. Plaintiffs shall also certify that Plaintiffs have not recovered the claimed Future
20 Response Costs from the United States pursuant to Plaintiffs' contracts related to the United
21 States or otherwise, or from any other source, including insurers, except as otherwise
22 provided in Paragraph 8 of this Agreement.

23          c.      Within ninety (90) days of the United States' receipt of each statement,
24 the United States shall reimburse Plaintiffs for twenty-one percent (21%) of the Future
25 Response Costs contained in the statement that are properly included and supported, except as
26 otherwise provided in Paragraph 7.d of this Agreement. Payment shall be made pursuant to
27 instructions given by Plaintiffs, provided these instructions comply with federal and any other
28 applicable law.

1        d.    If Plaintiffs fail to support a Future Response Cost with documentation

2 required in Paragraph 7.b, or otherwise fail to demonstrate that a cost is properly

3 reimbursable under this Agreement, the United States may object, in writing, within sixty

4 (60) days of receipt of the statement, and said objection shall be sent to Plaintiffs pursuant to

5 Paragraph 11 of this Agreement. Any such objection shall identify the contested Future

6 Response Cost and the basis for objection. In the event of an objection, the United States

7 shall, within the ninety (90) day period, reimburse its share of any uncontested Future

8 Response Costs to Plaintiffs in the manner described in Paragraph 7.c. After the transmission

9 of any objection pursuant to Paragraph 7.d, the United States shall initiate the dispute

10 resolution procedures provided in Paragraph 12 of this Agreement.

11        e.    If any payments required to be made by this Paragraph are not made in

12 accordance with the provisions of this Section, Interest on the unpaid balance shall accrue

13 from the date on which the payment was due.

14        f.    Payments of Future Response Costs by the United States are subject to

15 the availability of funds appropriated for such purpose. No provision of this Agreement shall

16 be interpreted as or constitute a commitment or requirement that the United States obligate or

17 pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-42 and 1511-19, or

18 any other applicable provision of law.

19        g.    If the United States determines for any reason that a Future Response

20 Cost for which reimbursement was made to Plaintiffs pursuant to this Agreement was not

21 properly subject to reimbursement, the United States may demand credit, with Interest, of all

22 payments made previously with regard to that cost, which credit shall be applied to Plaintiffs'

23 demands for Future Response Costs. In the event a credit in the appropriate amount is not

24 available for any reason, the United States may seek appropriate relief from the Court.

25 Within sixty (60) days of receiving such a demand, the Plaintiffs shall credit such prior

26 payments to the United States, with Interest from the date of the prior payments to the date of

27 return of those payments, unless Plaintiffs provide written notice contesting that demand for

28 credit within said sixty (60) day period, in which case the dispute provisions of Paragraph 12

-8-

1  shall take effect. The United States shall not demand credit for any payment of a Future

2  Response Cost more than two years after it has made said payment, except in cases of fraud,

3  bad faith, or where the United States could not have reasonably determined, from the

4  information submitted by Plaintiffs before the payment, that a claimed cost was not a valid

5  Future Response Cost.

6          h.    A determination by the United States not to object to a Future Response

7  Cost shall not constitute an admission, agreement, understanding, or other indication by the

8  United States that any such cost is a Future Response Cost within the scope of this

9  Agreement, that such cost was necessary or incurred consistent with the NCP, or is otherwise

10  reimbursable under this Agreement or under any statute, regulation, or other provision or law

11  or equity.

12          **8.**     **Limitation on Claims Against Third Parties.**

13          a.    Plaintiffs shall provide notice to the United States within fourteen (14)

14  days if at any time they seek recovery of Future Response Costs from any source other than

15  the United States or from the United States in any manner other than that provided for by this

16  Consent Decree.

17          b.    Notwithstanding the foregoing, Plaintiffs shall be entitled to seek to

18  recover costs and/or liabilities that Plaintiffs have incurred at the Site prior to January 1,

19  2006, and shall be entitled to seek to recover Future Response Costs or other damages, from

20  any person or entity other than the United States that may be liable to Plaintiffs as a result of

21  acts or omissions in connection with the performance of removal actions or remedial actions

22  (as defined by 42 U.S.C. § 9601(23)-(24)) at the Site.

23          **9.**     **Effect of Settlement/Entry of Judgment/Reservation of Rights.**

24          a.    This Agreement was negotiated and executed by Plaintiffs and the

25  United States in good faith and at arms length and shall be deemed to be drafted equally by

26  the Parties, and is a fair and equitable compromise of claims that were vigorously contested.

27  This Agreement shall not constitute or be construed as an admission of any issue of fact or

28  law by the Parties. It is not an admission or denial of any factual allegations set out in the

1  pleadings in the above-captioned actions or an admission of liability or violation of any law,
2  rule, regulation, or policy by any of the Parties to this Agreement.

3          b.      Upon approval and entry of this Agreement by the Court, and receipt by
4  Plaintiffs of the payment provided for in Paragraph 6, this Agreement shall constitute a final
5  judgment among the Parties with respect to the Site and the Contribution Claims.

6          c.      Any enforcement action brought by the United States on behalf of any
7  regulatory agency, or an action for damages brought by or on behalf of any federal natural
8  resource trustee, concerning activities or conditions at the Site do not arise out of the
9  transaction or occurrence (or the same series of transactions or occurrences) that is the subject
10  matter of Plaintiffs' Contribution Claims against the United States.

11          d.      Except as specifically provided herein, this Agreement shall not alter the
12  Parties' rights and obligations under the Partial Consent Decree lodged with the Court on
13  April 11, 2006 in connection with claims asserted by the United States in Case No. CIV-04-
14  1400-PHX-ROS.

15          **10.    Dismissal with Prejudice.**  Upon approval and entry of this Agreement
16  by the Court, and receipt by Plaintiffs of the payment provided for in Paragraph 6, the
17  Contribution Claims shall be dismissed with prejudice, and the Court shall mark Case No.
18  CIV-03-2226-PHX-ROS administratively closed.

19          **11.    Notices.**  Any notices required hereunder shall be transmitted by
20  overnight delivery service, telecopier, or electronic mail to each of the undersigned, or in
21  such manner and to such persons as may be designated by a Party hereto in writing to the
22  other Parties.

23          **12.    Dispute Resolution.**

24          a.      Any dispute with respect to the United States' obligation to reimburse
25  Future Response Costs under Paragraph 7 of this Agreement shall in the first instance be the
26  subject of informal negotiations between the Parties.  The period for informal negotiations
27  shall last sixty (60) days from the date the United States transmits its objection pursuant to
28  Paragraph 7.d, or the Plaintiffs transmit an intention to contest a demand for credit pursuant

1  to Paragraph 7.g, unless this period is extended by written agreement of the Parties. If
2  informal negotiations are unsuccessful, the Parties shall notify the Court of the dispute and
3  the need for a resolution, either by the Court or through the use of Court-annexed alternative
4  dispute resolution procedures, unless the Parties agree in writing on an alternative method of
5  dispute resolution.

6          b.     In the event informal negotiations are unsuccessful, no Party shall
7  submit or rely on any evidence, in any form, to resolve the disputed Future Response Cost
8  that was not disclosed to the other Party prior to the expiration of the informal negotiation
9  period in Paragraph 12.a, except upon leave of Court or appointed/agreed mediator.
10 However, nothing in this Paragraph 12.b shall preclude a Party from submitting or relying on
11 (i) expert testimony; (ii) factual evidence not in existence at the time of the informal
12 negotiation period; (iii) factual evidence whose existence was not known to the Party at the
13 time of the informal negotiation period; or (iv) evidence that is, or was at the time of the
14 informal negotiation period, exclusively within the possession of the other Party.

15         c.     If a reimbursement is determined to be due pursuant to Paragraph 12.a,
16 the United States shall pay the sum determined to be due within sixty (60) days of the
17 resolution of the dispute (with accrued Interest pursuant to Paragraph 7.d or 7.g of this
18 Agreement). If a credit is determined to be due pursuant to Paragraph 12.a, then the United
19 States shall apply said credit to Plaintiffs' subsequent claims for reimbursement. In the event
20 Plaintiffs make no subsequent claims for reimbursement exceeding the credit, then Plaintiffs
21 shall refund any remaining credit to the United States with Interest accruing from the date the
22 credit was determined due.

23         **13.    Integration Provision.**  This Agreement, including attachments,
24 constitutes the entire Agreement between the Parties with respect to matters covered herein.
25 All prior discussions, drafts and writings are specifically superseded by this Agreement and
26 may not be used to vary or contest the terms of this Agreement.

27

28

1        **14.**  **Representative Authority.**  The individuals signing this Agreement

2  below hereby certify that they are authorized to bind their respective party or parties to this

3  Agreement.

4        **15.**  **Costs and Expenses.**  The Parties shall each bear their litigation and

5  administrative costs and expenses, including attorneys' fees.

6        **16.**  **Retention of Jurisdiction.**  Notwithstanding any other provision of this

7  Agreement, the Court shall retain jurisdiction for the purpose of enforcing the Parties'

8  obligations under this Agreement and for resolving disputes in accordance with Paragraph 12

9  of this Agreement.

10              **For Plaintiffs Crane Co. and Unidynamics/Phoenix, Inc.:**

11

12        Augustus I. duPont, Esq.

13        Vice President, General Counsel and Secretary
      100 First Stamford Place

14        Two North Central Avenue
      Stamford, CT 06902

15        Telephone 203.363.7223

16        Telecopier 203-363-7350
      adupont@craneco.com

17
      Dated: _June 21_ 2006

18

19        KIRKPATRICK & LOCKHART NICHOLSON
      GRAHAM LLP

20

21

22        Richard W. Hosking
      Paul K. Stockman

23        Henry W. Oliver Building
      535 Smithfield Street

24        Pittsburgh, Pennsylvania 15222
      Telephone 412.355.8612

25        Telecopier 412.355.6501
      rhosking@klng.com

26

27        Dated: _June 20_ 2006

28

-12-

**For Defendants United States of America *et al.*:**

SUE ELLEN WOOLDRIDGE
ASSISTANT ATTORNEY GENERAL

By: *Michael C. Augustini*

Michael C. Augustini, Trial Attorney
Paul D. Tanaka, Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone 202.616.6519
Telecopier 202.514.8865
Michael.Augustini@usdoj.gov
Paul.Tanaka@usdoj.gov

Dated: July 24, 2006

PAUL K. CHARLTON
UNITED STATES ATTORNEY

Richard G. Patrick
Assistant United States Attorney
Two Renaissance Square
40 North Central, Suite 1200
Phoenix, AZ 85004-4408

-13-

**ORDER**

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds that this Agreement and its appendix constitute the final, complete, and exclusive agreement and understanding among the parties with respect to the settlement embodied in the Agreement. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in the Agreement; and

The Court further finds the terms of the Agreement to be fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest.

Upon approval and entry of this Agreement by the Court, this Agreement shall constitute a final judgment between and among the United States and the Plaintiffs. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58. The foregoing Agreement is hereby APPROVED and ENTERED as an Order of the Court.


The Honorable Roslyn O. Silver
United States District Judge

Dated: __7 / 3 i__ 2006

-14-

# APPENDIX A



Base map from The Thomas Guide Street Guide and Directory, Metropolitan Area . Reproduced with permission granted by THOMAS BROS. MAPS®. This map is copyrighted by THOMAS BROS. MAPS®. It is unlawful to copy or reproduce all or any part thereof, whether for personal use or resale, without permission. All rights reserved.

UNIDYNAMICS PHOENIX, INC. PROPERTY LOCATION MAP
Phoenix-Goodyear Airport
North Superfund Site
Goodyear, Arizona

Figure 1